UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GYANESHWAR PRASAD MISHRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:16cv01553 PLC |
| ) | |
| COLEMAN MOTORS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Gyaneshwar Prasad Mishra moves to remand this case to state court [ECF No. 6].[1] Defendant Coleman Motors, LLC, opposes remand. The motion is denied.

### I. Background

Plaintiff filed in the Circuit Court of St. Charles County, Missouri, a three-count petition seeking monetary relief from Defendant for conduct arising out of Plaintiff's March 2016 purchase of a 2010 Mercedes Benz GLK from Defendant. (Pl.'s Pet'n [ECF No. 3].) To support each of his claims, Plaintiff alleged that in February 2016 he searched the internet for a motor vehicle, found one in which he was interested, and viewed information about the car on the internet. (Id. ¶¶ 18-21.) Plaintiff called Defendant on March 1, 2016 and "asked for more details . . . on the quality and condition of a 2010 Mercedes Benz GLK" he had seen and provided the Vehicle Identification Number. (Id. ¶¶ 22 & 23.) Defendant's employee allegedly "told Plaintiff that the vehicle was a good car, that it ran great, that it had never been in an accident, and that 'there's absolutely nothing wrong with it.'" (Id. ¶ 24). Later that day, Defendant's employee sent pictures of the vehicle to Plaintiff's cell phone, which Plaintiff viewed. (Id. ¶ 25.)

---

[1] The parties consent to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Based on Defendant's representations and transmissions, Plaintiff texted Defendant's employee that Plaintiff "was interested in traveling to Florida to purchase the vehicle." (Id. ¶ 26.) In response, "Defendant actively discouraged Plaintiff from leaving Missouri telling Plaintiff he would have to pay Florida and Missouri taxes, [and stating] that Defendant would ship the vehicle to Missouri." (Id. ¶ 27.) Plaintiff subsequently provided Defendant with Plaintiff's home address, and signed and mailed to Defendant a purchase order Defendant had emailed to Plaintiff, along with Plaintiff's certified check. (Id. ¶¶ 28-30.) Plaintiff allegedly received the vehicle and vehicle title on March 10, 2016. (Id. ¶¶ 35 & 36.)

On March 10, 2016, Plaintiff texted Defendant advising Defendant of problems Plaintiff had noticed "within approximately sixty miles of driving the vehicle," including an illuminated check engine light, illuminated airbag light, and "a burning oil smell." (Id. ¶¶ 40 & 41.) The next day, Plaintiff tried unsuccessfully to speak with Defendant by telephone. (Id. ¶ 42.) Plaintiff took the vehicle to a Mercedes-Benz dealership and two automotive shops in Missouri. (Id. ¶¶ 44-46.) Plaintiff was told: (1) the vehicle had "numerous defects and nonconformities" that "would cost in excess of $13,000 to repair"; (2) "the vehicle showed evidence of previous body work, indicating that the front end had been totaled and rebuilt"; and (3) "the damage to the vehicle from a prior accident was so severe that the[ automotive shop] did not want to do any work on the vehicle." (Id.) Plaintiff subsequently learned the vehicle "had been announced as having structural damage at an auction." (Id. ¶ 47.) Plaintiff further alleged the vehicle had a value of $13,500.00 "if it had been as warranted at the time of purchase." (Id. ¶ 66.)

Plaintiff alleges Defendant is liable for: violating the Magnuson Moss Warranty – Federal Trade Commission Improvements Act ("MMWA"), 15 U.S.C. § 2301, *et seq.* (Count I); negligent misrepresentations about the car's qualities (Count II); and violating the Missouri

Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq*. (Count III). For Defendant's alleged violations of the MMWA, Plaintiff seeks an award of "[t]he full purchase price of the vehicle, collateral charges, finance charges, incidental [damages,] . . . consequential damages[ and] [c]osts, including expert witness fees and reasonable attorney's fees." (Id. at 8.) Plaintiff requests an award of compensatory damages plus costs for Defendant's allegedly negligent misrepresentations. (Id. at 9.) With regard to Defendant's alleged violations of the MMPA, Plaintiff asks for an award of "actual damages that will fairly and justly compensate Plaintiff, punitive damages in the amount of the greater of $500,000 or five times the actual damages, . . . his costs, attorneys' fees, [and] interest." (Id. at 11.)

Pursuant to 28 U.S.C. § 1441 and § 1446, Defendant removed the lawsuit from state court, on three grounds: (1) federal question jurisdiction under 28 U.S.C. § 1331 over Plaintiff's MMWA and MMPA claims; (2) diversity jurisdiction under 28 U.S.C. § 1332 over Plaintiff's state law negligence and MMPA claims; and (3) supplemental jurisdiction under 28 U.S.C. § 1367(a). (Def.'s Notice Removal [ECF No. 1].) Plaintiff moved to remand the case to state court on the ground the Court lacks subject matter jurisdiction. In particular, Plaintiff argued Defendant failed to: (1) establish the $50,000.00 amount in controversy needed for the Court to exercise jurisdiction over the MMWA claim; (2) demonstrate the amount in controversy exceeds $75,000.00 for the Court to exercise diversity jurisdiction over Plaintiff's state law claims; and (3) show the MMPA claim turns on substantial questions of federal law so as to fall within the Court's federal question jurisdiction. (Pl. Suggestions Supp. Mot. Remand [ECF No. 7].)

## II. Discussion

A. Removal Jurisdiction

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010). The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. Id.; 28 U.S.C. § 1447(c). Importantly, "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Prods. Liab. Litig., 591 F.3d at 620.

B. Amount in controversy for original jurisdiction over the MMWA claim

In his motion to remand, Plaintiff argues the Court lacks subject matter jurisdiction over the MMWA claim because the statutorily required $50,000.00 jurisdictional minimum, exclusive of interest and costs, is not satisfied. Plaintiff urges the Court can neither use any request for attorney's fees nor a request for punitive damages in the MMPA claim to satisfy the MMWA's jurisdictional amount. In its removal notice, Defendant asserts the Court may consider: (1) "correspondence prepared [by Plaintiff]'s counsel . . . claim[ing Plaintiff] has incurred $900.00/month to store the vehicle at issue, as well as (2) the punitive damages Plaintiff seeks with regard to his MMPA claim to satisfy the jurisdictional minimum required for the MMWA claim.

The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). Importantly, a federal district court has jurisdiction over MMWA claims only "if the amount in controversy is [not] less than $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in the suit."

4

15 U.S.C. §§ 2310(d)(1)(B), 2310(d)(3)(B). The statutory reference to "all claims," however, does not allow consideration of the amount of damages requested for any non-MMWA claim to satisfy the jurisdictional amount required for an MMWA claim. See Scarlott v. Nissan N. Am. Inc., 771 F.3d 883, 887-88 (5th Cir. 2014) ("damages for any pendent state-law claims should not be included to satisfy the jurisdictional amount [under the MMWA]"); Ansari v. Bella Auto. Grp., Inc., 145 F.3d 1270, 1272 (11th Cir. 1998) ("the amount in controversy for purposes of [the MMWA] does not include damages flowing from any pendent state law claim brought by a plaintiff"); Pyskaty v. Wide World of Cars, LLC, No. 15 Civ. 1600 (JCM), 2016 WL 828135, at *5 (S.D. N.Y. Feb. 23, 2016) (due to text of statute, legislative history, and concept of supplemental jurisdiction, only MMWA claim damage may be considered), appeal pending, No. 16-815 (2nd Cir. filed Mar. 16, 2016); Poindexter v. Morse Chevrolet, Inc., 270 F.Supp.2d 1286, 1292 (D. Kan. 2003) (to preserve Congress's distinction between state court and federal court jurisdiction, the "all claims" statutory language "must be construed to mean all Magnuson-Moss Act claims, not all federal and state claims"); but see Harnden v. Jayco, Inc., 496 F.3d 579, 581-82 (6th Cir. 2007) (considering damages in state law claims to satisfy MMWA jurisdictional amount).

Additionally, attorney's fees are excluded from the calculation of the jurisdictional minimum necessary for a federal court's exercise of jurisdiction over an MMWA claim. See, e.g., Scarlott, 771 F.3d at 887; Ansari, 145 F.3d at 1271-72; Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1069 (5th Cir. 1984); Saval v. BL Ltd., 710 F.2d 1027, 1032-33 (4th Cir. 1983) (per curiam). A court may, however, consider a request for punitive damages under the MMWA in the calculation of the jurisdictional amount for that claim if an award of punitive damages is permitted under state law for a related claim. See, e.g., Boelens, 748 F.2d at 1069; Saval, 710

5

F.2d at 1033; Baker v. Auto Stop, Inc., No. 4:12cv00244 CEJ, 2012 WL 3762047, at *2 (Mo. ED. Aug. 29, 2012).

With regard to his MMWA claim, Plaintiff alleged the value of the vehicle, "if it had been as warranted at the time of purchase, was $13,500.00"; he "suffered incidental and/or consequential damages as a result of Defendant's breach of the implied warranties"; and he sought "all costs, including attorney's fees and expert witness fees." (Pl.'s Pet'n ¶¶ 66-68.) Plaintiff demanded damages consisting of "[t]he full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages," as well as "[c]osts, including expert witness fees and reasonable attorney's fees." (Id. "Wherefore" para. for Count I.)

Even if the Court considers both the alleged value as warranted of the vehicle at the time of purchase ($13,500.00) and the alleged estimated cost of repairs ($13,000.00), the sum of the two amounts is less than $50,000.00. Plaintiff did not request an award of punitive damages for his MMWA claim. The Court may not consider any punitive damages requested in Plaintiff's MMPA claim. See, e.g., Scarlott, 771 F.3d at 887-88; Ansari, 145 F.3d at 1272. Moreover, Plaintiff's requests for attorney's fees and other costs are statutorily excluded from the calculation. See, e.g., id.

Defendant asserts the Court should consider correspondence from Plaintiff's counsel regarding the monthly cost of storing the vehicle. The correspondence is not available of record, and no allegation in the petition provides any information regarding vehicle storage costs. Therefore, the Court does not consider any storage expense.

Accordingly, the allegations in the complaint do not satisfy the jurisdictional amount required for the Court to exercise subject matter jurisdiction over Plaintiff's MMWA claim.

C. Amount in controversy for diversity jurisdiction over Plaintiff's MMPA claim

Plaintiff argues the Court lacks subject matter jurisdiction over the MMPA claim because Defendant failed to establish the amount in controversy needed to exercise diversity jurisdiction. In its notice of removal, Defendant asserts removal is proper because, with regard to his MMPA claim, Plaintiff seeks an award of more than $75,000.00 in punitive damages.[2] Defendant relies on Plaintiff's request for an award of "punitive damages in the amount of the greater of $500,000 or five times the actual damages" to support Defendant's position that there is more than $75,000.00, exclusive of interest and costs, in controversy with regard to Plaintiff's MMPA claim. Defendant cites Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001), for the proposition that punitive damages may be used to establish the amount in controversy for diversity jurisdiction.

While acknowledging that punitive damages may satisfy the amount in controversy requirement, Plaintiff argues in his motion to remand that it is error for the Court to look "only at the allegation of punitive" damages to establish the jurisdictional amount, citing McCorkindale v. American Home Assurance Co., 909 F. Supp. 646, 655 (N.D. Iowa 1995). Rather, Plaintiff argues, Defendant must provide "competent proof" of the amount in controversy, citing Larkin v. Brown, 41 F.3d 387, 388-89 (8th Cir. 1994).

Furthermore, Plaintiff contends, remand is necessary "unless the Court concludes to a 'legal certainty' that Plaintiff's claim is not 'really for less than the requisite amount,'" citing id. at 388. Defendant counters the exercise of diversity jurisdiction over the MMPA claim is proper if

---

[2] Defendant also argues the amount in controversy for diversity jurisdiction is met because Plaintiff seeks an award of attorneys' fees for his MMPA claim. Statutory attorneys' fees may be included in the calculation of the amount in controversy for diversity jurisdiction. Crawford v. F. Hoffman-La Roche, Ltd., 267 F.3d 760, 766 (8th Cir. 2001). The MMPA provides for an award of attorneys' fees. See Mo. Rev. Stat. 407.025.1. The Court need not further address this argument, however, because, as discussed below, the jurisdictional amount is satisfied by Plaintiff's specific demand for at least $500,000.00 in punitive damages.

"a fact finder might legally conclude" that Plaintiff's damages are greater than $75,000.00, citing Quinn v. Kimble, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).

A federal court has original diversity jurisdiction over civil actions between citizens of different states[3] when the amount-in-controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The amount in controversy at the time of removal is determinative. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).

"Where [a] defendant seeks to invoke [diversity] jurisdiction through removal, . . . it bears the burden of proving that the jurisdictional threshold is satisfied." Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). In the Eighth Circuit, a removing defendant must establish by a preponderance of the evidence the required amount for diversity jurisdiction. Id. "Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . .' Kopp[ v. Kopp], 280 F.3d [883,] 885 [(8th Cir. 2002)]." Bell, 557 F.3d at 959 (alterations and emphasis in original); accord Raskas v. Johnson & Johnson, 719 F.3d 884, 887 (8th Cir. 2013); Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 944 (8th Cir. 2012).

A removing defendant may satisfy its burden by "looking at the face of the complaint alone," because the description of how the controversy exceeds the requisite minimum amount in

---

[3] Diversity jurisdiction requires complete diversity of citizenship of the parties, meaning "*each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978) (emphasis in original); see OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship"). A person is a citizen of the State where the person resides or, in other words, has a permanent home. Reece v. Bank of N.Y. Mellon, 760 F.3d 771, 778 (8th Cir. 2014). A limited liability company is a citizen of each state of which each of its members is a citizen. OnePoint Sols, LLC., 486 F.3d at 346.

The parties appear to concede complete diversity is present. The record demonstrates that Plaintiff is a citizen of Missouri and Defendant is a citizen of Delaware and Florida. (Pl.'s Pet'n ¶ 3; Def's Notice Removal ¶¶ 17 & 18 [ECF No. 1]; Def.'s Discl. Organizational Interests Certificate ¶ 2 [ECF No. 14].) Therefore, complete diversity exists.

controversy "constitutes 'a pleading requirement, not a demand for proof.'" Hartis, 694 F.3d at 946, 944-45 (for second quotation, quoting Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008)); accord Freeman v. MH Equip. Co., No. 4:15cv01473CDP, 2015 WL 7075967, at *2-3 (E.D. Mo. Nov. 13, 2015). "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.' [28 U.S.C.] § 1446(c)(2)." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 551 (2014); accord St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938) ("the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal").[4]

When, however, "it appears to a legal certainty the plaintiff's claim is actually for less than the jurisdictional amount," the sum claimed by the plaintiff in good faith is not dispositive. Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011). In a removed case, the plaintiff must establish the legal certainty that the claim is for less than the jurisdictional amount. See Hartis, 694 F.3d at 946 (citing Bell, 557 F.3d at 956). "The legal certainty standard is met where the 'legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" Schubert, 649 F.3d at 822 (alteration in original) (quoting JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010)). The "legal certainty" or "legal impossibility" test is not satisfied where it is only "highly improbable that the [plaintiff] will recover the amount[ the d]efendant[] . . . put into controversy." Raskas, 719 F.3d at 887. State law, both cases and statutory provisions, determines whether there is a legal certainty that a

---

[4] Due to the cited case law, the Court need not further address Plaintiff's reliance on the Iowa district court's 1995 decision in McCorkindale, supra, and the 1994 Eighth Circuit decision in Larkin, supra, regarding Plaintiff's position that an allegation is insufficient, and "competent proof" is necessary, to establish the amount in controversy in a removed case.

plaintiff cannot recover an amount satisfying the jurisdictional minimum. Crenshaw v. Great Central Ins. Co., 482 F.2d 1255, 1258 (8th Cir. 1973).

Punitive damages may be considered when ascertaining the amount in controversy for diversity jurisdiction. One Point Sols., LLC, 486 F.3d at 348. To determine whether the requisite amount in controversy is satisfied, a federal court considers whether: (1) the plaintiff could not, as a matter of law, recover punitive damages, (2) the amount of damages the plaintiff could recover is "fixed below the jurisdictional amount," or (3) no reasonable jury could award damages totaling more than the jurisdictional amount under the circumstances. Id. at 350; Kopp, 280 F.3d at 885.

The MMPA allows a plaintiff to seek punitive damages. See Mo. Rev. Stat. § 407.025.1. Therefore, Plaintiff is able, as a matter of law, to recover punitive damages with regard to his MMPA claim. Additionally, the amount of damages, including punitive damages, Plaintiff may statutorily recover is not set at an amount equal to or less than $75,000.00. The parties have not directed the Court to any other authority imposing a $75,000.00 cap on punitive or other damages under the MMPA. Therefore, the damage amount Plaintiff could recover is not "fixed below the jurisdictional amount."

Furthermore, a reasonable jury could award Plaintiff more than the jurisdictional amount under the circumstances. To submit punitive damages to the fact finder in Missouri, a plaintiff must provide clear and convincing proof of a defendant's culpable mental state. Peel v. Credit Acceptance Corp., 408 S.W.3d 191, 209 (Mo. Ct. App. 2013). A plaintiff establishes the culpable mental state by showing that the defendant "'committed an intentional wanton, willful, and outrageous act without justification *or acted with reckless disregard for the [plaintiff's] rights and interest*.'" Peel, 408 S.W.3d at 209-10 (emphasis and alteration in original) (quoting Bailey

10

v. Hawthorn Bank, 382 S.W.3d 84, 103 (Mo. Ct. App. 2012)). Therefore, if Plaintiff proves an amount of actual damages arising out of the parties' motor vehicle sale transaction, and further establishes by clear and convincing evidence that Defendant acted with reckless disregard for Plaintiff's rights and interest, a jury might legally conclude an award of punitive damages resulting in a total award beyond the $75,000.00 jurisdictional minimum is appropriate.

A jury might legally conclude an award beyond the jurisdictional minimum is appropriate based on punitive damages awards in other MMPA cases. Missouri case law supports the granting of a large amount of punitive damages in an MMPA claim, even when the amount of actual damages awarded on the claim is considerably less. In particular the following decisions have upheld punitive damage awards of $500,000.00 or more when the plaintiff was awarded actual damages totaling $25,000.00 or less on an automobile purchaser's MMPA claim: Lewellen v. Franklin, 441 S.W.2d 136, 139, 145-48 (Mo. 2014) (en banc) (actual damages totaling $25,000.00); Estate of Overbey v. Chad Frankllin Nat'l Auto Sales N., LLC, 361 S.W.3d 364 (Mo. 2012) (en banc) (actual damages totaling $4,500.00); Peel, 408 S.W.3d 191 (actual damages totaling $11,007.81, plus attorney fees totaling $165,350.00); Heckadon v. CFS Enters., Inc., 500 S.W.3d 372 (Mo. Ct. App. 2013) (actual damages totaling $2,144.87). See also Grabinski v. Blue Springs Ford Sales, Inc., 203 F.3d 1024, 1025-27 (8th Cir. 2000) (affirming an award to the plaintiff of a total of $210,000.00 in punitive damages against five defendants, with one defendant liable for $100,000.00 in punitive damages, after a $7,835.00 award of actual damages, on MMPA and common law fraudulent misrepresentation claims arising out of the purchase of a defective vehicle). Therefore, the fact the only amounts mentioned in the petition, other than punitive damages, are a $13,500.00 value of the car if it was as warranted at the time of purchase and an estimated amount "in excess of $13,000.00" to repair the car does not preclude an

award of punitive damages that would bring the damage total to an amount exceeding $75,000.00 for diversity jurisdiction over Plaintiff's MMPA claim. See Dowell v. Debt Relief Am., L.P., No. 2:07CV27JCH, 2007 WL 1876478, at *2 (Mo. E.D. June 27, 2007) (deciding the fact finder could legally conclude that the individual plaintiff's damages on an MMPA and other state claims are greater than $75,000.00, even though the plaintiff's actual damages were "probably less than $10,000," based on "[t]he possibility of punitive damages and attorney's fees," and on other cases showing "that juries are inclined to assess large punitive damages awards in MMPA cases").

Plaintiff has failed to show either that his demand for punitive damages was not made in good faith or that there is a legal certainty the amount in controversy with regard to his MMPA claim is for less than the requisite jurisdictional amount. A review of the petition and available case law demonstrates there is not a legal certainty that Plaintiff will recover less than the jurisdictional amount. While a "high improbability" may exist that Plaintiff will recover more than $75,000.00 on his MMPA claim, such a "high improbability" does not equate to a "legal certainty" of a recovery less than the jurisdictional minimum. Therefore, the amount in controversy requirement for diversity jurisdiction is satisfied with regard to Plaintiff's MMPA claim.

Contrary to Plaintiff's argument, Larkin v. Brown, 41 F.3d 387 (8th Cir. 1994) does not support a different result. The plaintiff in Larkin filed a complaint in federal court seeking monetary relief under Missouri law for assault and battery. Larkin, 41 F.3d at 388. The decision does not disclose whether the plaintiff requested a specific amount of punitive damages in his complaint. By interrogatory answer, the plaintiff in Larkin limited his recovery to less than the jurisdictional amount. Id. at 389.

The Eighth Circuit affirmed the dismissal of the action due to the plaintiff's failure to satisfy the amount in controversy requirement for diversity jurisdiction. Id. In particular, the Eighth Circuit concluded that, through the interrogatory answer, the plaintiff "and his counsel . . . defeated their own cause by failing to allege the jurisdictional amount." Id. Additionally, the Eighth Circuit found the plaintiff was unable "to recover punitive damages on the[] facts." Id.

To the contrary, in this case both the allegations in the complaint and relevant Missouri case law support a determination that a fact finder might legally conclude Plaintiff is entitled to more than $75,000.00 in punitive and other damages. Moreover, unlike the plaintiff in Larkin, Plaintiff has not explicitly limited his monetary recovery to an amount below the jurisdictional amount. The Court has diversity jurisdiction over Plaintiff's MMPA claim.

D. Supplemental jurisdiction over Plaintiff's MMWA and negligence claims

Plaintiff argues the Court "must have jurisdiction over the federal MMWA claim as a prerequisite to exercise supplemental jurisdiction to hear the pend[e]nt state claims," citing only 28 U.S.C. § 1367(a). (Pl.'s Mem. Supp. Remand at 2 [ECF No. 7].) Defendant appears to agree with this position due to its assertion in its notice of removal that the Court "has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367(a) . . . in that [Plaintiff]'s Petition purports to assert clams predicated by, and arising under, federal law." (Def's Notice of Removal at 2 [ECF No. 1].) Neither party further addresses the Court's supplemental jurisdiction over any of Plaintiff's claims.

When a federal court has original jurisdiction over "any civil action," the court has, with exceptions[5] not applicable here, "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The United States Supreme Court described this statute as "a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 558 (2005). In Exxon Mobil Corp., the Supreme Court addressed, in two class actions in which diversity of citizenship was satisfied, whether supplemental jurisdiction existed when some, but not all, of the plaintiffs' claims satisfied the amount in controversy requirement for diversity jurisdiction. Exxon Mobil Corp., 545 U.S. 546. The Supreme Court held "that § 1367 by its plain text . . . authorize[s] supplemental jurisdiction over all claims by diverse parties arising out of the same Article III case or controversy, subject only to enumerated exceptions not applicable in the cases now before us." Id. at 566-67. Although the Supreme Court decision arises out of circumstances different from this lawsuit, where there is only one plaintiff with multiple claims, the Court discerns no basis for declining to apply the Exxon Mobil Corp. holding. As the Supreme Court found, "[w]hen the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement" for purposes of diversity jurisdiction, and the requisite diversity of citizenship exists:

---

[5] Specifically, supplemental jurisdiction in cases based on diversity jurisdiction does not extend over claims by plaintiffs against those made parties under Fed. R. Civ. P. 14, 19, 20, or 24. 28 U.S.C. § 1367(b). Additionally supplemental jurisdiction in cases based on diversity jurisdiction does not extend to claims of persons either proposed for joinder as plaintiffs under Fed. R. Civ. P. 19 or seeking to intervene as plaintiffs under Fed. R. Civ. P. 24. 28 U.S.C. § 1367(b).

> [t]he presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment. If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a "civil action" within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint. Once the court determines it has original jurisdiction over the civil action, it can turn to the question whether it has a constitutional and statutory basis for exercising supplemental jurisdiction over the other claims in the action.

Id. at 559.

Neither § 1367 nor the Supreme Court's opinion in Exxon Mobil Corp. limit the consideration of supplemental jurisdiction to cases in which the claim over which the district court has original jurisdiction falls within the district court's federal question jurisdiction. Indeed, the opinion in Exxon Mobil Corp. addressed cases in which diversity jurisdiction was the only basis for the federal court's subject matter jurisdiction. Exxon Mobil Corp., 545 U.S. 546. Notably, when addressing an argument that a "definitional indivisibility theory applie[d] in the context of diversity cases but not in the context of federal-question cases," the Supreme Court concluded:

> [t]he broad and general language of the statute does not permit this result. . . . It is implausible . . . to say that the identical phrase means one thing (original jurisdiction in all actions where at least one claim in the complaint meets the following requirements) [for federal question jurisdiction] and something else (original jurisdiction in all actions, where every claim in the complaint meets the following requirements) [for diversity jurisdiction].

Id. at 561. The Supreme Court further noted, in addressing a different argument, that if an amount in controversy was revived for federal question jurisdiction under 28 U.S.C. § 1331, "it is clear beyond peradventure that § 1367(a) provides supplemental jurisdiction over federal-question cases where some, but not all, of the federal-law claims involve a sufficient amount in controversy." Id. at 562.

Additionally, with particular relevance to this lawsuit, the Supreme Court stated that "a district court has original jurisdiction of a civil action for purposes of [removal under] § 1441(a) as

15

long as it has original jurisdiction over a subset of the claims constituting the action." Id. at 563. The Supreme Court did not distinguish between claims falling within diversity and federal question grounds for a federal court's original jurisdiction.

The Eighth Circuit has also addressed supplemental jurisdiction when diversity jurisdiction is the basis of the federal court's original jurisdiction. OnePoint Sols., LLC, supra. There, the Eighth Circuit held that supplemental jurisdiction may apply to a diverse plaintiff's other state law claims when the plaintiff pursues one state law claim for which a demand for punitive damages satisfied the amount in controversy requirement for diversity jurisdiction. OnePoint Sols., LLC, 486 F.3d at 350. The Court of Appeals concluded that the exercise of supplemental jurisdiction over plaintiff's other claims was appropriate because they were part of the same case or controversy in that the claims "derive[d] from a common nucleus of operative fact." Id. (internal quotation marks omitted) (quoting Myers v. Richland Cnty., 429 F.3d 740, 746 (8th Cir. 2005), which quoted United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). Claims derive from "a common nucleus of operative fact" if they are claims the plaintiff "would ordinarily be expected to try . . . in one judicial proceeding." Id. (internal quotation marks omitted) (quoting United Mine Workers, 383 U.S. at 725). Finding that all of the plaintiff's claims "arose from the same set of facts and would ordinarily be expected to be tried together," the Eighth Circuit held the district court properly exercised supplemental jurisdiction over all of Plaintiff's claims.[6] Id.

Because the Court finds that it has original diversity jurisdiction over Plaintiff's MMPA claim, the Court considers whether it may exercise supplemental jurisdiction over Plaintiff's

---

[6] The Eighth Circuit explicitly excepted from the district court's supplemental jurisdiction any claim "properly dismissed [by the district court] for failure to state a claim." OnePoint Sols., LLC, 486 F.3d at 350. No such dismissal has been requested or entered in this case.

non-MMPA claims: Plaintiff's MMWA and negligence claims. All of Plaintiff's claims derive from a common nucleus of operative fact: a motor vehicle sales transaction between the parties in 2016. Plaintiff's three claims would ordinarily be tried together. Neither party argues the claims should be tried separately and the Court discerns no basis for doing so. To the contrary, judicial efficiency is served by trying the claims in one proceeding. Thus, the exercise of supplemental jurisdiction over Plaintiff's negligence and MMWA claims is appropriate. Stephens v. Arctic Cat Inc., No. 4:09cv02131AGF, 2011 WL 890686, at *6 (E.D. Mo. Mar. 14, 2011) (exercising supplemental jurisdiction over the plaintiff's MMWA claim upon finding the "factual basis" of the plaintiff's MMWA and MMPA claims were "identical" and diversity jurisdiction existed over the MMPA claim). Accord Burzlaff v. Thoroughbred Motorsports, Inc., 758 F.3d 841, 845 (7th Cir. 2014) (citing Voelker v. Porsche Cars N. Am., Inc., 353 F.3d 516, 522 (7th Cir. 2003) as support for the proposition the district court properly exercised supplemental jurisdiction over the MMWA claim when it had original diversity jurisdiction over the state law claim); Suber v. Chrysler Corp., 104 F.3d 578, 588 (3rd Cir. 1997) (remanding the case to the district court to ascertain whether the plaintiff could demonstrate jurisdiction based on his MMWA claim and noting: "[i]f the district court finds that [the plaintiff] has established diversity jurisdiction with his [state law] claim, the court can exercise supplemental jurisdiction over the [MMWA] claim"); cf. Pierre v. Planet Auto., Inc., 193 F.Supp.3d 157, 169-73 (E.D. N.Y. 2016) (finding the court had federal question jurisdiction over one claim and could consider the exercise of supplemental jurisdiction over an MMWA claim that did not satisfy the $50,000.00 amount in controversy requirement).

None of the statutory bases for a court to decline to exercise supplemental jurisdiction exist. 28 U.S.C. § 1367(c). Plaintiff's MMWA and negligence claims do not raise novel or

17

complex issues of state law. See 28 U.S.C. § 1367(c)(1). Plaintiff's MMWA and negligence claims do not predominate over Plaintiff's MMPA claim. See 28 U.S.C. § 1367(c)(2). The Court has not dismissed the MMPA claim, the only claim over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3). Finally, the Court finds no "exceptional circumstances" or "other compelling reasons" to decline supplemental jurisdiction over Plaintiff's MMWA and negligence claims. See 28 U.S.C. § 1367(c)(4).

### III. Conclusion

Having carefully considered the parties' arguments, the available record, and relevant case law, the Court concludes it has subject matter jurisdiction over Plaintiff's claims.[7] Specifically, the Court may properly exercise diversity jurisdiction over the MMPA claim because the complete diversity and amount in controversy requirements are satisfied. Based on that diversity jurisdiction, the Court may exercise supplemental jurisdiction over Plaintiff's MMWA and negligent misrepresentation claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for remand [ECF No. 6] is **DENIED.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of March, 2017.

---

[7] Because the Court concludes it has diversity and supplemental jurisdiction over all of Plaintiff's claims, the Court need not address the parties' positions with regard to whether the Court may exercise federal question jurisdiction over Plaintiff's MMPA claim.