# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GYANESHWAR PRASAD MISHRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:16cv01553 PLC |
| ) | |
| COLMEN MOTORS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to amend the complaint by interlineation (ECF No. 21), second motion to remand (ECF No. 22), and "Motion, in the Alternative, for Dismissal Without Prejudice" (ECF No. 27).[1] Defendant is currently unrepresented by counsel and has not responded to Plaintiff's motions. On January 31, 2017, the Court held a hearing on Plaintiff's second motion to remand. (ECF No. 26). Plaintiff's counsel appeared at the hearing.

### I. Factual and Procedural Background

Plaintiff originally filed in the Circuit Court of St. Charles County a three-count petition seeking monetary relief from Defendant for damages resulting from an automobile sale. (ECF No. 3). Plaintiff alleged that Defendant was liable for: violating the Magnuson-Moss Warranty – Federal Trade Improvements Commission Act ("MMWA"); negligent misrepresentation; and violating the Missouri Merchandising Practices Act ("MMPA"). Plaintiff requested actual

---

[1] The parties consented to a United States Magistrate Judge's exercise of jurisdiction over this matter under 28 U.S.C. Section 636(c).

damages, punitive damages in the amount of the greater of $500,000 or five times the actual damages, and costs and attorney's fees. (ECF No. 3).

On September 30, 2016, Defendant removed the case to this Court on the bases of federal question, diversity, and supplemental jurisdiction. (ECF No. 1). Plaintiff moved for remand, arguing that this Court lacks subject-matter jurisdiction because Defendant failed to: (1) establish the $50,000 amount in controversy needed for the Court to exercise jurisdiction over the MMWA claim; (2) that the amount in controversy exceeds the $75,000 requirement for the Court to exercise diversity jurisdiction over Plaintiff's state law claims; and (3) show that the MMPA claim turns on substantial questions of federal law so as to fall within the Court's federal question jurisdiction. (ECF No. 15).

The Court denied Plaintiff's first motion to remand on March 15, 2017, finding, among other things, that the Court had subject-matter jurisdiction over Plaintiff's MMPA claim "because the complete diversity and amount in controversy requirements are satisfied." (ECF No. 15). The Court explained that, because the MMPA permits plaintiffs to seek punitive damages, which, in this case, could exceed $75,000, the amount of possible damages was not fixed below and there is no legal certainty that Plaintiff would recover less than $75,000.

On June 6, 2017, defense counsel filed a motion to withdraw. (ECF No. 16). The Court granted the motion and directed Defendant to retain new counsel by August 5, 2017. (ECF No. 17). Based on the record, Defendant has not retained counsel.

On January 5, 2018, the Court entered a show cause order stating that "the case has been pending for six months without any action" and directing Plaintiff to show good cause why his claims should not be dismissed for failure to prosecute. (ECF No. 19). Plaintiff filed a response to the show cause order (ECF No. 20), acknowledging that, because Defendant had not retained

counsel and previous counsel refused to participate in discovery, Plaintiff "possessed multiple bases to request entry of a default judgment against Defendant." However, Plaintiff states that "after the removal of this action, Defendant Colmen Motors went out of business and was dissolved, and Plaintiff therefore "questions the utility in moving for a default judgment under the existing claims in the Complaint and has been investigating other courses of action[, such as adding new claims and/or joining additional parties,] in order to recover damages."

With its response to the show cause order, Plaintiff filed a motion to amend the complaint and second motion to remand (ECF Nos. 21 & 22). In his motion to amend the complaint, Plaintiff requests leave to remove from his MMPA count the "single factual allegation . . . regarding the willfulness of Defendant's misconduct" and the request for "punitive damages in the amount of the greater of $500,000 or five times the actual damages." In his second motion to remand (ECF No. 22), Plaintiff argues that, under the complaint as amended, the damages do not meet the $75,000 threshold. Citing <u>Hoeschestenback v. Accu-Pay APS, LLC</u>, No. 4:15-CV-457 RWS, 2015 WL 3609088 (E.D.Mo. Apr. 15, 2015), Plaintiff claims that a district court may remand the case to state court after the plaintiff amends the complaint to remove the basis for subject-matter jurisdiction.

At the hearing on Plaintiff's second motion for remand, Plaintiff's counsel acknowledged the general rule that a plaintiff's post-removal actions to reduce the amount in controversy does not deprive the district court of jurisdiction. <u>See</u> <u>St. Paul Mercury Indem. Co. v Red Cab Co.</u>, 303 U.S. 283, 292 (1938). However, counsel asserted that his proposed amendment to the petition was merely a "clarification." Plaintiff's counsel explained that his client sought remand rather than a default judgment or dismissal without prejudice because he was concerned about losing service on the now-dissolved Defendant.

3

Subsequent to the hearing, Plaintiff filed a "Motion, in the Alternative, for Dismissal Without Prejudice." (ECF No. 27). In the motion, Plaintiff states that he "is taking this action because Coleman [sic] Motors, LLC has ceased operating, and Plaintiff views the best path to recovery as adding certain individuals as defendants and amending the cause of action against Coleman [sic] Motors, LLC to include violation of Florida laws." Plaintiff reasons that "[p]roceeding with a trial against a defunct Florida business on Plaintiff's existing cause of action would be an ineffective use of judicial resources" and "[d]ismissal would not unfairly affect Defendant, in that Defendant is unrepresented and not currently participating in the litigation." Plaintiff further states that, should the Court grant his motion to dismiss without prejudice, he "intends to re-file a similar cause of action, involving the same vehicle at issue in this case, in state court under the $75,000 limit of federal jurisdiction, such that dismissal of this action without prejudice would not result in a waste of judicial time and effort."[2]

## II. *Discussion*

### A. *Motions to amend the petition and remand to state court*

Plaintiff seeks to remove from the petition his request for punitive damage and remand the case to state court for lack of diversity jurisdiction. (ECF Nos. 21 & 22). It is well-established that, where the plaintiff "after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." St. Paul Mercury Indem. Co. v Red Cab Co., 303 U.S. 283, 292 (1938) (cited with approval in Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 391 (1998)). However, the Eastern District has recognized that a "court may consider post-removal

---

[2] In regard to Defendant's costs and fees, Plaintiff asserts: "Plaintiff's request to dismiss without prejudice, and possible need to re-file, is directly related to the fraud alleged, as this Court pointed out in oral argument, and necessitated by Defendant's inaction in this litigation, such that Defendant should not benefit from its subsequent and unexpected closure." (ECF No. 27).

4

stipulations, affidavits, or amendments to the complaint *only to the extent that they clarify, rather than amend*, whether the requirement is met." Toberman v. BPV Market Place Investors, LLC, No. 4:16-CV-519 CEJ, ECF No. 30 at 3 (E.D. Mo. Aug. 16, 2016) (emphasis added) (quoting McLaughlin v. Sight, No. 4:16-CV-542 DGK, 2016 WL 4077237, at *1 (W.D.Mo. Aug. 1, 2016)).

Here, Plaintiff seeks, not to clarify the petition, but rather to amend it to remove allegations that Defendant acted willfully and his request for punitive damages. Based on the allegations in the petition at the time of removal, the Court has subject matter jurisdiction. Because Plaintiff's admitted purpose for amending the petition is to defeat federal jurisdiction and our courts disfavor such gamesmanship, the Court denies the motion to amend the petition (ECF No. 21) and second motion to remand (ECF No. 22).

*B. Motion to Dismiss Without Prejudice*

Plaintiff alternatively moves to dismiss his law suit without prejudice. (ECF No. 27). After the opposing party has served an answer, a plaintiff may dismiss an action without prejudice "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissal which unfairly affects the other side." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987). "Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Id. See also Thatcher, 659 F.3d at 1214 (citing Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005)).

"Voluntary dismissals pursuant to Federal Rule of Civil Procedure 41(a)(2), and the terms of such dismissals, are addressed to the discretion of the district courts." Garner v. Union Pac. R.R. Co., No. 4.15CV00733 AGF, 2016 WL 612765, at *2 (E.D.Mo. Feb. 16, 2016)

(citation omitted). When considering a motion for voluntary dismissal, courts consider: "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." Thatcher v. Hanover Ins. Grp., Inc., 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999)). Another consideration is whether a motion for summary judgment has been filed. See Paulucci, 826 F.3d 783. "A plaintiff cannot use a motion to voluntarily dismiss to seek a more favorable forum." Blaes v. Johnson & Johnson, 858 F.3d 508, 512 (8th Cir. 2017) (citing Donner v. Alcoa, Inc., 709 F.3d 694, 697 (8th Cir. 2013)).

Here, the factors listed above weigh in favor of granting voluntary dismissal without prejudice. Dismissal at an early stage of the case will not result in a significant waste of judicial time and effort. See Mullen v. Heinkel Filtering Sys., Inc., 770 F.3d 724, 728 (8th Cir. 2014) (upholding voluntary dismissal after two hearings on discovery disputes); Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co., 999 F.2d 1257, 1262-63 (8th Cir. 1993) (upholding voluntary dismissal after some discovery had been completed and the defendants filed a motion for summary judgment); Kern v. TXO Prod. Corp., 738 F.2d 968, 970-71 (8th Cir. 1984) (upholding voluntary dismissal after the plaintiff had presented all but one witness at trial). Moreover, "when a court dismisses an action to be refiled in state court, judicial time and effort are not wasted where much of the evidence may be used in state court." Blaes, 858 F.3d at 513. See also Kern, 738 F.2d at 970-71 (upholding voluntary dismissal after trial began so the case could be refiled in state court). Proceedings in this case have been restricted to issues of removal and remand, and the parties have not filed dispositive motions. As such, dismissal without prejudice

6

would not waste judicial time and effort.  See, e.g., Garner v. Union Pac. R.R. Co., No. 4:15-CV-733 AGF, 2016 WL 612765, at *2 (E.D.Mo. Feb. 16, 2016).

"The prejudice to be considered when deciding whether to allow a voluntary dismissal is legal prejudice, meaning 'something other than the necessity that defendant might face of defending another action.'"  Id. (quoting Kerns, 738 F.2d at 970; Mullen, 770 F.3d at 728).  See also Blaes, 858 F.3d at 513 ("Legal prejudice is more than the fact that a defendant might have to defend another action.").  "Neither 'the expense and effort of drafting and responding to discovery' nor the loss of a tactical advantage constitute legal prejudice."  Blaes, 858 at 513 (quoting Mullen, 770 F.3d at 728).  Although this case has been pending for over one year, Defendant's sole substantive activity in the litigation appears to be limited to the filing of an answer and participation in a case management conference.  As such, the Court finds that dismissal will not prejudice Defendant.

Finally, the Court considers whether Plaintiff presented a "proper explanation for its desire to dismiss."  Blaes, 858 F.3d at 516.  Plaintiff has adequately explained that he desires dismissal because, since the time of removal, Defendant has dissolved such that Plaintiff's sole recourse may be to add two individual defendants and allege additional causes of action.  While Plaintiff intends to refile in state court, there is nothing in the record to support a conclusion that Plaintiff is attempting to improperly forum shop.  Moreover, this is not a situation where Defendant removed the case to federal court and Plaintiff is attempting to defeat federal jurisdiction and deprive Defendant of its right to proceed in federal court.  See, e.g., Scherer v. Eli Lilly & Co., 2015 WL 1246486, at *2 (E.D.Mo. 2015)).  Rather, Defendant removed the case to federal court and, shortly thereafter, dissolved and ceased participating in the litigation.

7

*III.     Conclusion*

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to amend the complaint (ECF No. 21) and second motion to remand (ECF No. 22) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss without prejudice (ECF No. 27) is **GRANTED** and this case is **DISMISSED without prejudice.**

                                                                              /s/ Patricia L. Cohen
                                                                              PATRICIA L. COHEN
                                                                              UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of February, 2018